# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1998

FILED

September 11, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TYRONE G. MEADE, | ) | C.C.A. NO. 02C01-9708-CR-00316 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JAMES C. BEASLEY, JR. |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

RANDALL B. TOLLEY
242 Poplar Avenue
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DOUGLAS D. HIMES
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

WILLIAM GIBBONS
District Attorney General

JOHN CAMPBELL
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals the trial court's denial of his petition for post-conviction relief. He was convicted by a jury verdict of two counts of second degree murder. He sought post-conviction relief asserting that he received ineffective assistance of counsel at trial. Following an evidentiary hearing, the trial court denied relief and we affirm.

The Defendant was convicted of two counts of second degree murder for shooting and killing Charles Matthews and Lavester Jefferson in Memphis, Tennessee. He originally received an effective sentence of forty years. He appealed his convictions and his sentence and this court affirmed his convictions but remanded for resentencing. State v. Meade, 942 S.W.2d 561 (Tenn. Crim. App. 1996). The record indicates that upon resentencing he received two concurrent twenty-year sentences.

With the assistance of counsel, the Defendant filed a petition for post-conviction relief on March 18, 1997. The petition alleged that trial counsel was ineffective for failing to zealously represent the Defendant, failing to file pretrial motions, failing to object to testimony, failing to investigate, failing to cross-examine witnesses, failing to properly advise the Defendant concerning his right to testify, failing to request a mental evaluation, failing to raise the issue of diminished capacity and failing to adequately prepare for trial.

First, we will briefly discuss the underlying facts. The Defendant gave the police a statement, which was introduced at his trial, in which he admitted that he had shot and killed both victims. He said that the victims were "crazy" and "high" on both alcohol and drugs. The men were insulting both him and his girlfriend and he felt threatened by the way they were talking. He told them to leave but they would not, so he shot the first victim. He subsequently got into an argument with the second victim and shot him also. The autopsy report indicated that both victims died of multiple gunshot wounds with at least one wound to the back of each victim's head at close range. Both victims tested positive for cocaine and alcohol.[1] At the post-conviction hearing, the Defendant testified and again admitted that he had killed both victims. He said that he killed one of the victims in self defense because he was "threatened or provoked" and that the victim had a gun. He said that the other victim also threatened him, but he didn't know if that victim had a gun or not. He further stated that he had "over-reacted" when he shot the second victim and that his overreaction may have been due to the fact that he had consumed alcohol that evening.

In this appeal, the Defendant argues that his trial counsel was ineffective because (1) he filed no pretrial motions to test the strength of the State's case, (2) he failed to file a motion to suppress the statements Defendant had given to police, (3) he filed no motions for discovery, (4) he filed no motion in limine to inquire as to whether a prior manslaughter conviction could be used against the Defendant if he testified, (5) he performed an inadequate investigation of the facts, (6) he failed to investigate or raise the issue of diminished capacity or

---

[1]For a detailed summary of the facts developed at trial, see State v. Meade, 942 S.W.2d 561, 563-564 (Tenn. Crim. App. 1996).

request a pretrial mental evaluation, (7) he made unprofessional errors in judgment, (8) he gave improper advice concerning the decision not to offer any defense proof, including proof of self defense, (9) he misrepresented to the Defendant that he would prevail at trial, and (10) he exhibited an overall lack of effort and zeal.

Trial counsel testified at great length concerning the various allegations of ineffective assistance of counsel. He testified that he filed no pretrial motions because he thought none were necessary in view of his theory of self defense. He said he saw no grounds on which to file a motion to suppress the Defendant's statement. He stated that he filed no discovery motions because the district attorney's office gave him free and open access to their entire file. Trial counsel's testimony was unclear concerning his failure to file a motion to test the admissibility of the Defendant's prior manslaughter conviction as contemplated by Rule 609(a)(3) of the Tennessee Rules of Evidence. It is clear, however, that at trial the judge ruled that the Defendant's testimony could not be impeached by reference to this prior conviction and that the Defendant nevertheless decided not to testify.

Trial counsel testified that he adequately investigated this case and that his investigator contacted eleven of the eighteen witnesses whose names were given him by the Defendant. He obtained statements from these witnesses and statements from other witnesses who testified for the State. Trial counsel further testified that he saw no indications that the Defendant suffered from any mental defects or that "diminished capacity" was a legitimate issue in this case. Counsel testified that in his view, the only defense to the second degree murder charges

-4-

was self defense or provocation, and he believed he raised these issues fully by cross examination of witnesses and through the statements which the Defendant had made to the police. Trial counsel further testified that he advised the Defendant fully concerning the decision whether to testify at trial. He stated that the Defendant decided he did not desire to testify. Trial counsel generally denied the remaining factual allegations presented in the post-conviction petition as alleged by the Defendant during his testimony at the post-conviction proceeding.

Other than the Defendant and his trial counsel, the primary additional witness at the post-conviction hearing was a clinical psychologist who testified generally that the Defendant's history of alcohol abuse could possibly have affected his mental capacity and decision-making process at the time of the killings.

Subsequent to the evidentiary hearing, the post-conviction court filed a written order denying post-conviction relief. The court found that many of counsel's decisions and the actions complained of by the Defendant fell clearly in the category of trial strategy and trial tactics, and the court found no shortcomings in counsel's actions. Concerning the lack of pretrial motions and discovery, the post-conviction court accredited counsel's decision not to pursue said motions in view of the open access counsel was given to the State's file and his judgment that further motions were unnecessary. The court further found that trial counsel had thoroughly investigated the case prior to proceeding to trial. The post-conviction court concluded that defense counsel had provided effective representation to the Defendant and had represented the Defendant to the best of his ability. The court further concluded that defense counsel had the

experience and ability to evaluate and properly prepare a criminal case for trial and had done so in the case at bar. The court accordingly determined that the Defendant had not established his claim of ineffective assistance of counsel and therefore was not entitled to post-conviction relief.

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong, the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

In post-conviction relief proceedings, the petitioner has the burden of proving the allegations of fact in his or her petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The factual findings of the trial court are conclusive on appeal unless the appellate court finds that the evidence preponderates against the judgment. Butler, 789 S.W.2d at 899. In the case at bar, the trial court found that defense counsel had adequately investigated the case against the Defendant and had diligently prepared for trial and zealously represented this Defendant. The post-conviction court further determined that other actions of trial counsel properly fell within the category of trial strategy and tactics. The Judge further concluded that the Defendant had not established his claim of ineffective assistance of counsel. We believe the record supports the findings and conclusions of the post-conviction judge. From our review of this record, even if we determined that trial counsel was ineffective in some way, we do not believe that the Defendant has established prejudice. He has not demonstrated a reasonable probability, sufficient to undermine our confidence in the outcome, that but for counsel's error, the jury would have had a reasonable doubt regarding the Defendant's guilt.

Accordingly, the judgment of the trial court denying post-conviction relief is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE